UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ERIC EHMANN
on behalf of himself and all
others similarly situated,

        Plaintiff,

  v.

PIERCE MANUFACTURING, INC.,
a Domestic Corporation

        Defendant.

Case No. 16-CV-247

**CLASS AND COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b) AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Eric Ehmann, on behalf of himself and all other similarly situated current and former non-exempt Production employees of Defendant, Pierce Manufacturing, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant, Pierce Manufacturing, Inc., is an Appleton, Wisconsin corporation that creates and manufactures fire truck parts and provides fire truck services throughout the United States.

3. Defendant operated an unlawful compensation system that deprived current and former non-exempt Production employees of their wages earned for all compensable work time, including the requisite overtime pay premium for each hour worked over forty (40) hours in a workweek. Specifically, Defendant's unlawful policies include impermissibly shaving time from its Production employees' timesheets by deducting and/or failing to count at least ten (10) minutes of compensable time per work day. As a result, every workweek Plaintiff and all others similarly situated had at least fifty (50) minutes of compensable time impermissibly deducted that should have been compensated at an overtime premium rate of one and one-half times that employee's regular hourly rate.

4. Defendant's deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8. Defendant is a Wisconsin corporation with a principal place of business of 2600 American Drive, Appleton, Wisconsin 54915.

9. Defendant's registered agent for service of process in the State of Wisconsin is C T Corporation System, located at 8029 Excelsior Drive, Suite 200, Madison, Wisconsin 53717.

10. For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

11. For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

12. Plaintiff, Eric Ehmann, is an adult male resident of the State of Wisconsin who resides in Appleton, Wisconsin. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) has been contemporaneously filed with the filing of this Complaint.

13. Plaintiff has worked as a non-exempt, hourly Production employee in an Assembler position at Defendant within the last three years from the date of filing of this Complaint.

3

14. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendant. Plaintiff performed similar job duties as other non-exempt Production employees employed by Defendant and who were subjected to Defendant's same unlawful policies as enumerated herein.

15. Plaintiff and all other Production employees on whose behalf he brings this Complaint performed compensable work at a physical location in Appleton, Wisconsin owned and operated by Defendant.

16. Defendant supervises Plaintiff's and all other Production employees' day-to-day activities.

17. Defendant has the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other Production employees.

18. Defendant has the ability and authority to review Plaintiff's work performance and the work performance of all other Production employees.

19. Defendant establishes the work rules, policies, and procedures by which Plaintiff and all other Production employees abide in the workplace.

20. Defendant controls the terms and conditions of Plaintiff's and all other Production employees' employment.

21. Defendant establishes Plaintiff's and all other Production employees' work schedules and provides Plaintiff and all other Production employees with work assignments and hours of work.

22. Plaintiff's hours of work and the hours of work of all other Production employees are tracked and recorded by Defendant.

## **GENERAL ALLEGATIONS**

23. Plaintiff presently works and has worked for Defendant as a non-exempt, hourly-paid Assembler at Defendant's Appleton, Wisconsin location within the three years preceding the filing of this Complaint.

24. Non-exempt Production employees of Defendant are employed in various related positions, including but not limited to Assemblers, Painters, Material Handlers, and Welders, as a part of Defendant's manufacturing process of manually producing fire trucks at Defendant's Appleton, Wisconsin location.

25. On a daily basis, Plaintiff and other non-exempt Production employees of Defendant, including but not limited to Assemblers, Painters, Material Handlers, and Welders, have "safety" meetings whereby all aspects of the manufacturing process are covered and discussed.

26. On a daily basis, Plaintiff works alongside other non-exempt Production employees of Defendant, manually producing fire trucks at Defendant's Appleton, Wisconsin location.

27. Defendant's employee handbook as provided to its Production employees, titled, "Pierce Team Member Handbook – Manufacturing," contains the terms and conditions of employment for its Production employees.

28. Pursuant to Defendant's handbook and policies, all hours worked by Plaintiff and all other Production employees in excess of forty (40) in a workweek will be compensated at the rate of one and one-half times the regular hourly rate.

29. Defendant's policies operated to deprive Plaintiff of overtime compensation due to him.

5

30. Defendant's policies operated to deprive its Production employees of overtime compensation due to them.

31. During weeks when no overtime was due, if ever, Defendant suffered or permitted Plaintiff and all other Production employees to work without being paid appropriate compensation for each hour worked.

32. Defendant's work schedules reflect the start times and end times of a shift, including the length or duration (in hours) of the shift.

33. Defendant requires Plaintiff and all other Production employees to record time worked at the start and at the end of a shift by scanning an identification badge, which has a unique identification for every employee, including Plaintiff.

34. All non-exempt Production employees at Defendant have a unique Employee Number and a unique Identification Badge Number for timekeeping and/or recordkeeping purposes.

35. Once Plaintiff records his time worked at the start and at the end of his shift by scanning his identification badge, the information is stored by Defendant's electronic timekeeping system, "Kronos."

36. Defendant's electronic timekeeping system (Kronos) records Plaintiff's time "clocked in" and "clocked out."

37. Plaintiff is subject to the same timekeeping policies as all other non-exempt Production employees working at Defendant.

38. All non-exempt Production employees at Defendant use the same electronic timekeeping system (Kronos) to track or record hours worked and to "clock in" and "clock out."

6

39. Immediately after scanning his identification badge, or "clocking in," at the beginning of each shift, Plaintiff performs compensable work.

40. Immediately prior to scanning his identification badge, or "clocking out," at the end of each shift, Plaintiff performs compensable work.

41. Plaintiff's identification badge and Defendant's electronic timekeeping system (Kronos) accurately records Plaintiff's time "clocked in" and "clocked out."

42. Plaintiff's identification badge and Defendant's electronic timekeeping system (Kronos) accurately records Plaintiff's time worked at Defendant.

43. Despite having this detailed record of time actually worked by Plaintiff, Defendant did not compensate Plaintiff for all hours actually worked.

44. Defendant's policy in practice was to have non-exempt Production employees like Plaintiff take a ten (10) minute break during approximately the first half of their shift, and then to take a twenty (20) minute break during approximately the second half of their shift. These are paid breaks.

45. Plaintiff customarily or normally worked a nine (9) hour and ten (10) minute shift at Defendant from Monday through Thursday (from 4:15 a.m. to 1:25 p.m.) of each week, and he customarily or normally worked an eight (8) hour and ten (10) minute shift at Defendant on Friday (from 4:15 a.m. to 12:25 p.m.) of each week.

46. Plaintiff customarily or normally worked a forty-four (44) hour and fifty (50) minute workweek at Defendant.

47. Defendant's policy in practice was to compensate Plaintiff for only forty-four (44) hours worked each workweek.

7

48. Defendant was or should have been aware that Plaintiff was working a forty-four (44) hour and fifty (50) minute workweek, but compensated Plaintiff for only forty-four (44) hours worked each workweek.

49. Defendant's policy in practice failed to compensate non-exempt Production employees like Plaintiff for all hours worked each workweek.

50. Defendant's policy in practice failed to compensate non-exempt Production employees like Plaintiff for fifty (50) minutes of compensable work each workweek.

51. Defendant was or should have been aware of its failure to compensate non-exempt Production employees like Plaintiff for fifty (50) minutes of compensable work each workweek.

52. Defendant's unlawful pay practice described above results in excessive and unlawful time shaving: non-exempt Production employees like Plaintiff are not compensated for all compensable work performed during every workweek.

53. Plaintiff has worked in excess of forty (40) hours per week nearly every week he has been employed by Defendant.

54. As a result of Defendant's policy and practice described above, Plaintiff did not receive overtime compensation for approximately fifty (50) minutes per workweek.

55. On January 21, 2016, Defendant issued a written memorandum to "F&E Appleton Production Team Members," which was titled "Cost of Living Adjustment and Operational Improvements," stating, among other things, that as of February 21, 2016, "We will be working straight 8, 10 and 12 hour shifts. All break periods will be paid breaks. This will shorten many shifts by at least 10 minutes…" A true and correct copy is attached hereto as **Exhibit A**.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

56. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective Class**: All persons who are or have been employed by Defendant as a non-exempt Production employee, including but not limited to Assemblers, Painters, Material Handlers, and Welders, within three years prior to this action's filing date and have not been compensated for all hours worked in excess of forty hours in a workweek as a result of impermissible time shaving by Defendant.

57. Defendant, as a matter of policy and practice, did not compensate its employees for all hours of compensable work performed by the FLSA Collective Class during a workweek.

58. These practices resulted in Plaintiff and the FLSA Collective Class being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

59. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work during the workweek without proper compensation for all hours of work. The effect of such a practice was for Defendant to deny the FLSA Collective Class their agreed upon wage, including overtime compensation at one and one-half times the regular rate, for the hours worked that were not counted as work.

60. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective Class.

61. The FLSA Collective Class claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

62. Upon information and belief, Plaintiff and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective Class.

63. Plaintiff and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked including overtime compensation.

64. The FLSA Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Class via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

65. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective Class.

## **RULE 23 CLASS ALLEGATIONS - WISCONSIN**

66. Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class**: All persons who are or have been employed by Defendant as a non-exempt Production employee, including but not limited to Assemblers, Painters, Material Handlers, and Welders, within two years prior to this action's filing date and have not been compensated for all hours of work at his or her agreed upon rate of pay, including overtime compensation for hours

10

worked in excess of forty hours in a workweek, as a result of impermissible and unlawful time shaving by Defendant.

67. The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

68. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are approximately one thousand (1,000) to fifteen hundred (1,500) members of the Wisconsin Class.

69. Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

70. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel

who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

71. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

72. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

73. Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

74. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following:

   a) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law;

   b) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated;

   c) Whether Defendant failed to pay the Wisconsin Class for all work Defendant suffered or permitted them to perform by use of illegal time shaving; and

   d) The nature and extent of class-wide injury and the measure of damages for the injury.

75. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

13

## FIRST CLAIM FOR RELIEF
## Violation of the Fair Labor Standards Act of 1938, as Amended
### (Plaintiff on behalf of himself and the FLSA Collective Class)

76. Plaintiff, on behalf of himself and the FLSA Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

77. At all times material herein, Plaintiff and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

78. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective Class as provided under the FLSA.

79. At all times material herein, Plaintiff and the FLSA Collective class were employees of Defendant as provided under the FLSA.

80. Plaintiff and the FLSA Collective Class are victims of uniform and facility-wide compensation policy and practice in violation of the FLSA.

81. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

82. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective Class their agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

83. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods

for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

84. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

85. Defendant's failure to properly compensate Plaintiff and the FLSA Collective Class and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

86. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective Class for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

87. Plaintiff and the FLSA Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

88. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CLAIM FOR RELIEF
### Violation of WWPCL – Unpaid Overtime
### (Plaintiff on behalf of himself and the Wisconsin Class)

89. Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

90. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 109.01(1r).

91. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 103.001(5).

92. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 104.01(2)(a).

93. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 109.01(2).

94. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 103.001(6).

95. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 104.01(3)(a).

96. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Admin. Code § DWD 272.01(5).

97. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

98. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her principal activities without receiving compensation for these activities.

99. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

100. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

101. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of Wisconsin Wage Payment Laws.

102. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

17

Case 1:16-cv-00247-WCG   Filed 02/29/16   Page 17 of 20   Document 1

103. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

### THIRD CLAIM FOR RELIEF
### WWPCL - Failure To Pay Agreed Upon Wage
### (Plaintiff on behalf of himself and the Wisconsin Class)

104. Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

105. Plaintiff and the Wisconsin Class have been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class pursuant to Wis. Stat. § 109.03.

106. Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class for each hour worked by Plaintiff and the Wisconsin Class through the impermissible time shaving policies described above.

107. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff, on behalf of himself and the Wisconsin Class, seeks damages in the amount of Plaintiff and the Wisconsin Class members' respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

108. Plaintiff, on behalf of himself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly Production employees informing them of this action and their rights to participate in this action and including such future employees who may commence employment during the pendency of this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current, future, and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Production employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Production employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Production employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Production employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

    i)  Provide Plaintiff and all other similarly-situated Production employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 29th day of February, 2016.

                                  WALCHESKE & LUZI, LLC
                                  Counsel for Plaintiff

                                  **s/ *James A. Walcheske***
                                  James A. Walcheske, State Bar No. 1065635
                                  Scott S. Luzi, State Bar No. 1067405
                                  Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com